| | |
|---|---|
| JOSEPH RAIMONDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-04254-CV-C-NKL |
| | ) |
| U.S. DISTRICT CHIEF JUDGE | ) |
| DENISE PAIGE HOOD, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Defendants Village of Armada, Macomb County, Ben Delecke, James Meyerand, Thomas Meyers, and Lt. Lynn Baumgarten's Motion to Dismiss, Doc. 10. For the following reasons, the motion is granted.

**I.     Background[1]**

This lawsuit is based primarily on events that occurred over twenty years ago in Armada, Michigan.  On April 6, 1998, law enforcement officers from the Macomb County Sherriff's Department, Clinton Township, and the Village of Armada conducted a raid on Plaintiff Joseph Raimondo's property to investigate allegations that he was operating an illegal "chop shop." Although the officers obtained a warrant, Plaintiff alleges that the officers violated the warrant, and unlawfully seized private property.  Plaintiff also alleges that the officers prosecuted Plaintiff for a purpose other than bringing an offender to justice, and then retaliated against him when he

---

[1]     The facts are found in Plaintiff's Amended Complaint, Doc. 6, as well as court documents from several related proceedings.  The Court takes judicial notice of those documents for purposes of the motion to dismiss.  *See Nixon v. Couer D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("[M]aterials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss.").

sought relief.

On April 6, 2001, Plaintiff filed a lawsuit in the United States District Court for the Eastern District of Michigan, seeking damages related to the allegedly unlawful search and seizure.[2] The Village of Armada, Macomb County, Ben Delecke, and Lt. Lynn Baumgarten were each named as defendants in the lawsuit. On March 5, 2002, Plaintiff filed a second lawsuit in the same district, against, among others, the Village of Armada, Macomb County, Ben Delecke, and Lt. Lynn Baumgarten.[3] The two cases were consolidated, and on September 30, 2003, the district court granted summary judgment in favor of the defendants. *See* Doc. 11-1 (2003 Memorandum Opinion and Order).

On November 2, 2004, Plaintiff filed another lawsuit in the United States District Court for the Eastern District of Michigan against many of the same defendants as before, as well as against the individual attorneys who were involved in the defense of the prior cases, James Meyerand and Thomas Meyers.[4] Just as before, Plaintiff's lawsuit was based on the allegedly unlawful April 1998 search and seizure. Doc. 11-2 (2004 Complaint). Plaintiff raised claims such as "civil conspiracy to obstruct justice," "civil conspiracy to thwart due process," and "civil conspiracy to interfere and deprive first amendment rights." *Id.* On June 30, 2006, the district court entered judgment in favor of all defendants and against Plaintiff, and dismissed the case. *See* Doc. 11-3 (2006 Memorandum Order and Opinion).

On November 19, 2013, Plaintiff filed another lawsuit against, among others, the Village of Armada, Macomb County, Ben Delecke, Lt. Lynn Baumgarten, James Meyerand, and Thomas

---

[2] *Joseph Raimondo, et al. v The Village of Armada, et al.*, Case No. 01-CV-71353-DT (E.D. Mich. 2001).
[3] *Joseph Raimondo, et al. v The Village of Armada, et al.*, Case No. 02-CV-71696-DT (E.D. Mich. 2002).
[4] *Joseph Raimondo v. Thomas F. Myers, et al.*, Case No. 04-CV-74287-DT (E.D. Mich. 2004).

2

Meyers. *See* Doc. 11-4 (2013 Complaint).[5] Once again, Plaintiff alleged constitutional violations arising out of the April 1998 search and seizure. *Id.* On February 6, 2014, the district court entered an order and judgment dismissing the case on the basis of res judicata. Doc. 11-5 (2014 Order of Dismissal). The Sixth Circuit subsequently affirmed. Doc. 11-6 (2015 Sixth Circuit Order).

Now, Plaintiff has filed yet another lawsuit based on the same events, against many of the same defendants, and asserting the same or similar claims. The named defendants are United States District Judges Denise Page Hood, Lawrence Paul Zatkoff, George Caram Steeh, and John Corbett O'Meara, the Democratic National Committee, the Internal Revenue Service, Commissioner John Koskinen, U.S. Tax Court Judge Carolyn P. Chiechi, Macomb County, Michigan, Lt. Lynn Baumgarten, James Meyerand, the Village of Armada, Michigan, Ben Delecke, Thomas Meyers, and Capac State Bank. While he does not direct any particular count at any particular Defendant, Plaintiff raises the following eleven claims:

- Count 1: Conspiracy via Obstruction of Justice by Covering-up a Violated Search and Seizure Warrant
- Count 2: Conspiracy via Denying 1st Amendment Rights to Petition For Redress
- Count 3: Conspiracy via Denying 4th Amendment Due Process.
- Count 4: Conspiracy via Denying 5th Amendment Due Process Clause.
- Count 5: Conspiracy via Depriving 14th Amendment Due Process.
- Count 6: Conspiracy via Denying Equal and Fair Treatment of Law.
- Count 7: Conspiracy via Fraud upon the Court.
- Count 8: Conspiracy via engaging in Social Justice Policies
- Count 9: Conspiracy via Taxation without Federal Representation.
- Count 10: Conspiracy via Intentional Infliction of Emotional Distress.
- Count 11: Conspiracy via Engaging in Hate Crimes.

**II. Discussion**

Defendants Village of Armada, Macomb County, Ben Delecke, James Meyerand, Thomas

---

[5] *Joseph Raimondo v. Village of Armada, et al.*, Case No. 13-CV-14773 (E.D. Mich. 2013).

Meyers, and Lt. Lynn Baumgarten (the "Village Defendants") move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

The Village Defendants argue that Plaintiff's claims are barred by the doctrine of res judicata, which precludes parties from relitigating a claim in a subsequent suit that was or could have been raised in a previous lawsuit.[6] *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The effect of res judicata is determined by "the law of the forum that rendered the first judgment." *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011). As the previous cases that the Village Defendants rely on are from the Eastern District of Michigan, this motion is governed by the law of the Sixth Circuit. There, "the doctrine of res judicata bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action." *Consolidation Coal Co. v. Maynes*, 739 F.3d 323, 327 (6th Cir. 2014). Additionally, res judicata "applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised*

---

[6] Res judicata is properly raised in a Rule 12(b)(6) motion to dismiss. *See Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 896 (8th Cir. 2005) (affirming district court's order granting motion to dismiss based on res judicata).

in an earlier action." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)) (emphasis in original).

Plaintiff has filed at least four prior lawsuits against the Village of Armada, Ben Delecke, Macomb County, and Lt. Lynn Baumgarten, and at least two prior lawsuits against James Meyerand and Thomas Meyers. Each prior lawsuit was based on the allegedly unlawful April 1998 search, seizure, and subsequent foreclosure. The United States District Court for the Eastern District of Michigan is a court of competent jurisdiction, and already rendered a final decision on the merits in each of the prior suits. *See* Docs. 11-1, 11-3, 11-5. Plaintiff's suit in this Court is based on the same April 1998 search, seizure, and subsequent foreclosure as the prior suits, and raises only claims that either were or could have been raised in the prior suits. Therefore, it is barred by the doctrine of res judicata. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Plaintiff argues only that res judicata should not apply because the prior judgments were all based on fraud on the court, and should be invalidated pursuant to Federal Rule of Civil Procedure 60(b)(3). This argument is unavailing. Rule 60(b)(3) authorizes only a motion for relief from a final judgment, not an independent action. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 2865 (3d ed. 2012) ("Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment."). The proper course for Plaintiff to seek relief from the judgments under Rule 60(b)(3) was to file a motion in the court that rendered the judgment.

### III. Conclusion

For the reasons set forth above, the Village Defendants' motion to dismiss, Doc. 10, is

5

granted.

                                              /s/ Nanette K. Laughrey
                                              NANETTE K. LAUGHREY
                                              United States District Judge

Dated:  June 25, 2018
Jefferson City, Missouri