IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOSEPH RAIMONDO, )
)
      Plaintiff, )
)
v. ) No. 2:17-04254-CV-C-NKL
)
U.S. DISTRICT CHIEF JUDGE )
DENISE PAIGE HOOD, et al., )
)
      Defendants. )

**ORDER**

Pending before the Court is Defendant Capac State Bank's Motion to Dismiss, Doc. 13. For the following reasons, the motion is granted.

**I.**     **Background[1]**

This lawsuit is based primarily on events that occurred over twenty years ago in Armada, Michigan. On April 6, 1998, law enforcement officers from the Macomb County Sherriff's Department, Clinton Township, and the Village of Armada conducted a raid on Plaintiff Joseph Raimondo's property to investigate allegations that he was operating an illegal "chop shop." Although the officers obtained a warrant, Plaintiff alleges that the officers violated the warrant, and unlawfully seized private property. Plaintiff also alleges that the officers prosecuted Plaintiff for a purpose other than bringing an offender to justice, and then retaliated against him when he sought relief.

---

[1]     The facts are found in Plaintiff's Amended Complaint, Doc. 6, as well as court documents from several related proceedings. The Court takes judicial notice of those documents for purposes of the motion to dismiss. *See Nixon v. Couer D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("[M]aterials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss.").

On April 6, 2001, Plaintiff filed a lawsuit in the United States District Court for the Eastern District of Michigan, seeking damages related to the allegedly unlawful search and seizure.[2] On March 5, 2002, Plaintiff filed a second lawsuit in the same court, which included the same defendants as the first, but also added Defendant Capac State Bank.[3] Plaintiff alleged that his business ventures failed as a result of the raid and subsequent prosecution, and he was unable to repay his loans to Defendant Capac State Bank. Plaintiff claimed that Defendant Capac, therefore, participated in the conspiracy to deprive him of his property in violation of his civil rights. The two cases were consolidated, and on September 30, 2003, the district court granted Defendant Capac's motion to dismiss. *See* Doc. 14-1 (2003 Memorandum Opinion and Order).

On November 2, 2004, Plaintiff filed another lawsuit in the United States District Court for the Eastern District of Michigan against the same defendants as in his prior cases, including Defendant Capac.[4] Just as before, Plaintiff's lawsuit was based on the allegedly unlawful April 1998 search and seizure. Doc. 14-2 (2004 Complaint). Plaintiff raised claims such as "civil conspiracy to obstruct justice," "civil conspiracy to thwart due process," and "civil conspiracy to interfere and deprive first amendment rights." *Id.* On October 25, 2005, the district court granted Defendant Capac's motion to dismiss based on, among other things, the doctrine of res judicata. *See* Doc. 14-3, p. 6 (2005 Order Accepting Reports and Recommendations).

On November 19, 2013, Plaintiff filed another lawsuit against, among others, Defendant Capac. *See* Doc. 14-4 (2013 Complaint).[5] Once again, Plaintiff alleged constitutional violations arising out of the April 1998 search and seizure. *Id.* On February 6, 2014, the district court entered

---

[2] *Joseph Raimondo, et al. v The Village of Armada, et al.*, Case No. 01-CV-71353-DT (E.D. Mich. 2001).
[3] *Joseph Raimondo, et al. v The Village of Armada, et al.*, Case No. 02-CV-71696-DT (E.D. Mich. 2002)
[4] *Joseph Raimondo v. Thomas F. Myers, et al.*, Case No. 04-CV-74287-DT (E.D. Mich. 2004).
[5] *Joseph Raimondo v. Village of Armada, et al.*, Case No. 13-CV-14773 (E.D. Mich. 2013).

2

an order and judgment dismissing the case on the basis of res judicata. Doc. 14-5 (2014 Order of Dismissal). The Sixth Circuit subsequently affirmed. Doc. 14-6 (2015 Sixth Circuit Order).

Now, Plaintiff has filed yet another lawsuit based on the same events, against many of the same defendants, and asserting the same or similar claims. The named defendants are United States District Judges Denise Page Hood, Lawrence Paul Zatkoff, George Caram Steeh, and John Corbett O'Meara, the Democratic National Committee, the Internal Revenue Service, Commissioner John Koskinen, U.S. Tax Court Judge Carolyn P. Chiechi, Macomb County, Michigan, Lt. Lynn Baumgarten, James Meyerand, the Village of Armada, Michigan, Ben Delecke, Thomas Meyers, and Capac State Bank. While he does not direct any particular count at any particular Defendant, Plaintiff raises the following eleven claims:

- Count 1: Conspiracy via Obstruction of Justice by Covering-up a Violated Search and Seizure Warrant
- Count 2: Conspiracy via Denying 1st Amendment Rights to Petition For Redress
- Count 3: Conspiracy via Denying 4th Amendment Due Process.
- Count 4: Conspiracy via Denying 5th Amendment Due Process Clause.
- Count 5: Conspiracy via Depriving 14th Amendment Due Process.
- Count 6: Conspiracy via Denying Equal and Fair Treatment of Law.
- Count 7: Conspiracy via Fraud upon the Court.
- Count 8: Conspiracy via engaging in Social Justice Policies
- Count 9: Conspiracy via Taxation without Federal Representation.
- Count 10: Conspiracy via Intentional Infliction of Emotional Distress.
- Count 11: Conspiracy via Engaging in Hate Crimes.

**II. Discussion**

Defendant Capac moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or

"conceivable," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such a complaint will be liberally construed in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

Defendant Capac argues that Plaintiff's claims are barred by the doctrine of res judicata, which precludes parties from relitigating a claim in a subsequent suit that was or could have been raised in a previous lawsuit.[6] *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The effect of res judicata is determined by "the law of the forum that rendered the first judgment." *Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011). As the previous cases that Defendant Capac relies on are from the Eastern District of Michigan, this motion is governed by the law of the Sixth Circuit. There, "the doctrine of res judicata bars subsequent causes of action when a court of competent jurisdiction already has rendered a final decision on the merits involving the same parties and claims in a prior action." *Consolidation Coal Co. v. Maynes*, 739 F.3d 323, 327 (6th Cir. 2014). Additionally, res judicata "applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)) (emphasis in original).

Plaintiff has filed at least three prior lawsuits against Defendant Capac, each of which was based on the April 1998 search, seizure, and subsequent foreclosure. The United States District Court for the Eastern District of Michigan is a court of competent jurisdiction, and already rendered

---

[6] Res judicata is properly raised in a Rule 12(b)(6) motion to dismiss. *See Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 896 (8th Cir. 2005) (affirming district court's order granting motion to dismiss based on res judicata).

4

a final decision on the merits in each of the prior suits. *See* Docs. 14-1, 14-3, 14-5. Plaintiff's suit in this Court is based on the same April 1998 search, seizure, and subsequent foreclosure as the prior suits, and raises only claims that either were or could have been raised in the prior suits. Therefore, it is barred by the doctrine of res judicata. *See Allen*, 449 U.S. at 94 ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Plaintiff argues only that res judicata should not apply because the prior judgments were all based on fraud on the court, and should be invalidated pursuant to Federal Rule of Civil Procedure 60(b)(3). This argument is unavailing. Rule 60(b)(3) authorizes only a motion for relief from a final judgment, not an independent action. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 2865 (3d ed. 2012) ("Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment."). The proper course for Plaintiff to seek relief from the judgments under Rule 60(b)(3) was to file a motion in the court that rendered the judgment.

### III. Conclusion

For the reasons set forth above, Defendant Capac's motion to dismiss, Doc. 13, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: June 25, 2018
Jefferson City, Missouri