# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOSEPH RAIMONDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-04254-CV-C-NKL |
| | ) |
| U.S. DISTRICT CHIEF JUDGE | ) |
| DENISE PAIGE HOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendants Internal Revenue Service and former IRS Commissioner John Koskinen's Motion to Dismiss, Doc. 41. For the following reasons, the motion is granted.

**I.  Background[1]**

This lawsuit is based primarily on events that occurred over twenty years ago in Armada, Michigan. On April 6, 1998, law enforcement officers from the Macomb County Sherriff's Department, Clinton Township, and the Village of Armada conducted a raid on Plaintiff Joseph Raimondo's property, to investigate allegations that he was operating an illegal "chop shop." Although the officers obtained a warrant, Plaintiff alleges that the officers violated the warrant and unlawfully seized private property. Plaintiff also alleges that the officers prosecuted Plaintiff for a purpose other than bringing an offender to justice, and then retaliated against him when he sought

---

[1]  The facts are found in Plaintiff's Amended Complaint, Doc. 6, as well as court documents from several related proceedings. The Court takes judicial notice of those documents for purposes of the motion to dismiss. *See Nixon v. Couer D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("[M]aterials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss.").

relief.

In the time since the April 1998 raid, Plaintiff has filed eight lawsuits in federal court seeking damages related to the allegedly unlawful search and seizure of his property.[2] Plaintiff's previous lawsuits asserted claims against many of the same defendants as are named here, along with a growing list of district court judges and agencies that have ruled against Plaintiff along the way. Plaintiff alleges that all of the Defendants have conspired together to cover up the allegedly unlawful search and seizure, and have engaged in a continuing conspiracy to violate Plaintiff's civil rights and deny him his right to restitution.

In this, Plaintiff's ninth lawsuit, the named defendants are United States District Judges Denise Page Hood, Lawrence Paul Zatkoff, George Caram Steeh, and John Corbett O'Meara, the Democratic National Committee, the Internal Revenue Service, Commissioner John Koskinen, U.S. Tax Court Judge Carolyn P. Chiechi, Macomb County, Michigan, Lt. Lynn Baumgarten, James Meyerand, the Village of Armada, Michigan, Ben Delecke, Thomas Meyers, and Capac State Bank. While he does not direct any particular count at any particular Defendant, Plaintiff raises the following eleven claims:

- Count 1: Conspiracy via Obstruction of Justice by Covering-up a Violated Search and Seizure Warrant
- Count 2: Conspiracy via Denying 1st Amendment Rights to Petition For Redress
- Count 3: Conspiracy via Denying 4th Amendment Due Process.
- Count 4: Conspiracy via Denying 5th Amendment Due Process Clause.
- Count 5: Conspiracy via Depriving 14th Amendment Due Process.
- Count 6: Conspiracy via Denying Equal and Fair Treatment of Law.
- Count 7: Conspiracy via Fraud upon the Court.

---

[2] *Raimondo v. Vill. of Armada*, No. 2:13-cv-14773 (E.D. Mich. 2013); *Raimondo v. Hood*, No. 2:10-cv-15107 (E.D. Mich. 2010); *Raimondo v. Hood*, No. 5:06-cv-15007 (E.D. Mich. 2006); *Raimondo v. Myers*, No. 2:04-cv-74287 (E.D. Mich. 2004); *Raimondo v. State of Mich.*, No. 2:03-cv-72991 (E.D. Mich. 2003); *Raimondo v. Fritz Builder, Inc.*, No. 2:03-cv-71972 (E.D. Mich. 2003); *Raimondo v. Vill. of Armada*, No. 2:02-cv-71696 (E.D. Mich. 2002); *Raimondo v. Vill. of Armada*, No. 2:01-cv-71353 (E.D. Mich. 2001). Plaintiff has also filed several unsuccessful appeals before the Sixth Circuit.

- Count 8: Conspiracy via engaging in Social Justice Policies
- Count 9: Conspiracy via Taxation without Federal Representation.
- Count 10: Conspiracy via Intentional Infliction of Emotional Distress.
- Count 11: Conspiracy via Engaging in Hate Crimes.

## II. Discussion

Defendants IRS and John Koskinen (the "IRS Defendants") move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the Complaint must be liberally construed in a light most favorable to the plaintiff, *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008), plaintiff cannot simply rely on vague or conclusory allegations to support his claims. Courts are not required "to accept as true a legal conclusion couched as a factual allegation," and such "labels and conclusions or formulaic recitations of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 544).

### A.     The IRS and Former Commissioner John Koskinen are Improper Defendants

Raimondo names the IRS and former IRS Commissioner John Koskinen as party defendants. It is well settled, however, "that the IRS cannot be sued, and that the proper party in actions involving federal taxes is the United States of America." *In re Levoy*, 182 B.R. 827, 832 (9th Cir. B.A.P. 1995) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)); *see also Jones v. I.R.S.*, 216 F. Supp. 2d 955, 958 (D. Neb. 2002) ("A suit against the IRS is one against the United

States."). Additionally, "[w]hen an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neil*, 867 F.2d 589, 590 (10th Cir. 1989) (citing *Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir. 1983)).

In his entire 124 page Complaint, Raimondo's only specific allegation against Koskinen is that "Defendant [the Honorable Carolyn P.] Chiechi, on behalf of the Internal Revenue Service and Commissioner Koskinen, threatened [Raimondo] with a twenty five thousand dollar fine prior to March 3, 2015 by a mailed court notice of order to suppress [Raimondo's] defense and squash the Taxation With-out [sic] Federal Representation charge." Doc. 6, p. 111. Therefore, as the sole allegation against Koskinen relates to actions taken in his official capacity, Raimondo's suit against Koskinen is in fact one against the United States.

Accordingly, although Raimondo improperly brought this action against the IRS and former IRS Commissioner John Koskinen, the Court will construe it as one properly brought against the United States.

### B. Raimondo's Claims against the IRS Defendants are barred by the Doctrine of Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity is strictly construed in favor of the United States, and the party bringing suit bears the burden of demonstrating waiver. *Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006); *VS Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000); *Murray v. Murray*, 558 F.2d 1340, 1341 (8th Cir. 1977). If the party bringing suit fails to do so, then the claim must be dismissed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Raimondo's specific claims against the IRS Defendants are difficult to fully comprehend.

4

However, to the extent Raimondo asserts any tort claims, for which the Federal Tort Claims Act, 26 U.S.C. §§ 2671-80, potentially serves as a waiver of sovereign immunity, those claims are barred by the FTCA's tax exception.

Raimondo asserts that the IRS Defendants conspired to use "Party of Spirited Politics for Taxing With-out [sic] Federal Representation," that "Defendants of the IRS employees [sic] then started harassing [him] throughout the first half of, [sic] 2016," and that "Defendants of the IRS sent in both Dec. of 2014, and again in Dec. 2015, threatening letters of intend [sic] to do us further harm, which put [him] and [his] family under an ever darker cloud of despair . . . ." Doc. 6, pp. 111, 114. While the FTCA waives the United States' sovereign immunity for claims "arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties," *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing 28 U.S.C. § 1346(b)(1)), the FTCA does not apply to "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c); *see also Minuti v. IRS*, 502 F. App'x 161, 163 n.1 (3d Cir. 2012) (the FTCA "specifically states that the government has not waived its sovereign immunity for claims arising out of the assessment and collection of taxes"). Raimondo's claims all arise exclusively in the context of the IRS Defendants' assessment or collection of taxes, and therefore the FTCA does not apply to them. Accordingly, the claims remain barred sovereign immunity. *See Jones v. United States*, 16 F.3d 979 (8th Cir. 1994) (affirming dismissal of tort claims against the IRS and its employees).

To the extent Raimondo seeks a refund of taxes he has already paid, for which 28 U.S.C. § 1346(a) may constitute a waiver of the United States' sovereign immunity, the claims are barred because Raimondo has failed to satisfy the statutory prerequisites for maintaining such a refund suit.

Raimondo seeks the "return of federal taxation paid . . . for the tax year [sic] 2011, [and] all fines, and all penalties assessed by Tax Judge, [sic] Carolyn P. Chiechi on behalf of the United States Federal Government." Doc. 6, p. 11. Although Section 1346(a) permits civil suits against the United States for the recovery of taxes "erroneously or illegally assessed or collected," the statute "must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). Most importantly, pursuant to 26 U.S.C. § 7422(a), before bringing a suit in federal court for the recovery of taxes, a taxpayer must first pay the full tax liability, and then timely file an administrative refund claim with the IRS. *See Pagonis v. United States*, 575 F.3d 809, 812-13 (8th Cir. 2009) ("[T]he Supreme Court's ruling in *Flora* [is] that full payment of an assessment is a prerequisite to a refund action") (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)); *Chernin v. United States*, 149 F.3d 805, 813 (8th Cir. 1998) ("[I]t is plain that the filing of a timely refund claim with the IRS in accord with section 7422(a) is a prerequisite to maintaining a tax refund suit."). Here, Raimondo has not pleaded that he paid his full federal income tax for tax year 2011—or any other year—and has not pleaded that he ever filed an administrative claim with the IRS for a refund pursuant to Section 7422(a). Accordingly, sovereign immunity bars Raimondo's suit.

### C. Raimondo's Claims are barred by the Declaratory Judgment Act and the Tax Anti-Injunction Act

Raimondo also seeks "Civil Injunction Relief . . . for Tax forgiveness for the year 2008 to the current year of 2017 due to the nature of the wrongs carried out by Federal Employees." Doc. 6, p. 11. However, subject to limited exceptions, none of which are applicable in this case, the Tax Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person

6

is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Therefore, to the extent that Raimondo seeks to enjoin the collection of any outstanding federal tax liabilities, such a suit is clearly barred under the Tax Anti-Injunction Act. *See Jericho Painting & Special Coating, Inc. v. Richardson*, 838 F. Supp. 626, 629 (D.D.C. 1993) (noting that the Tax Anti-Injunction Act "extends not only to the assessment or collection of taxes, but also to the entire process involved in enforcing the revenue laws").[3]

### D. Failure to State a Claim upon Which Relief Can Be Granted

To the extent Raimondo may seek to raise a claim for wrongful collection pursuant to 26 U.S.C. § 7433, the Amended Complaint fails to state a claim upon which relief may be granted. Section 7433(a) provides that:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433. "[B]ecause § 7433 refers only to noncompliance with statutes and regulations, claims of other wrongdoing do not implicate jurisdiction under § 7433." *Gass v. U.S. Dep't of Treasury*, 216 F.3d 1087 (10th Cir. 2000).

Raimondo fails to identify any statute or regulation that he believes was violated, and has not alleged any specific wrongdoing or misconduct on the part of the IRS, specific IRS employees, or former IRS Commissioner John Koskinen that he believes violated a given statute or regulation.

---

[3] To the extent Raimondo may seek some form of a declaratory judgment with respect to his federal taxes, such relief is barred under the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act, like the Tax Anti-Injunction Act, "forbids suits for the purpose of restraining the assessment or collection of any tax." *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n. 7 (1974)).

Moreover, Section 7433(d)(1) provides that "a judgment for damages shall not be awarded under [this section] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Here, Raimondo fails to allege that he exhausted his administrative remedies prior to bringing this suit, and therefore fails to state a claim for which relief can be granted. *See Gray v. United States*, 723 F.3d 795, 798-99 (7th Cir. 2013) (holding that the exhaustion requirement under 26 U.S.C. § 7433(d) is a prerequisite to filing a refund suit in district court); *Hoogerheide v. IRS*, 637 F.3d 634, 636, 639 (6th Cir. 2011) (holding that the exhaustion requirement in 26 U.S.C. § 7433(d) is a mandatory, non-waiverable requirement that must be satisfied prior to bringing suit in district court); *see also McGarvin v. United States*, No. 4:92CV001816 JCH, 1993 WL 208814, at *1 (E.D. Mo. Mar. 9, 1993) (dismissing plaintiff's claims under 26 U.S.C. § 7433 because plaintiff's complaint lacked any evidence that the plaintiff sought administrative relief prior to filing suit).

### III. Conclusion

For the reasons set forth above, Defendants IRS and former IRS Commissioner John Koskinen's motion to dismiss, Doc. 41, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 7, 2018
Jefferson City, Missouri