# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOSEPH RAIMONDO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:17-04254-CV-C-NKL |
| U.S. DISTRICT CHIEF JUDGE DENISE PAIGE HOOD, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff's Request for Reconsideration, Doc. 67. Mr. Raimondo seeks reconsideration of the Court's Orders dismissing claims against the Defendants Village of Armada, Macomb County, Ben Delecke, James Meyerand, Thomas Meyers, and Lt. Lynn Baumgarten's, Doc. 57, the Capac State Bank, Doc. 58, and the Democratic National Committee, Doc. 59. For the following reasons, Plaintiff's Request for Reconsideration is denied.

## I. Background[1]

This lawsuit is based primarily on events that occurred over twenty years ago in Armada, Michigan. On April 6, 1998, law enforcement officers from the Macomb County Sherriff's Department, Clinton Township, and the Village of Armada conducted a raid on Plaintiff Joseph Raimondo's property to investigate allegations that he was operating an illegal "chop shop." Although the officers obtained a warrant, Plaintiff alleges that the officers violated the warrant,

---

[1] The facts are found in Plaintiff's Amended Complaint, Doc. 6, as well as court documents from several related proceedings. The Court takes judicial notice of those documents for purposes of the motion to dismiss. *See Nixon v. Couer D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("[M]aterials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss.").

and unlawfully seized private property. Plaintiff also alleges that the officers prosecuted Plaintiff for a purpose other than bringing an offender to justice, and then retaliated against him when he sought relief.

On April 6, 2001, Plaintiff filed a lawsuit in the United States District Court for the Eastern District of Michigan, seeking damages related to the allegedly unlawful search and seizure.[2] The Village of Armada, Macomb County, Ben Delecke, and Lt. Lynn Baumgarten were each named as defendants in the lawsuit. On March 5, 2002, Plaintiff filed a second lawsuit in the same district, against, among others, the Village of Armada, Macomb County, Ben Delecke, and Lt. Lynn Baumgarten.[3] The two cases were consolidated, and on September 30, 2003, the district court granted summary judgment in favor of the defendants. *See* Doc. 11-1 (2003 Memorandum Opinion and Order).

On November 2, 2004, Plaintiff filed another lawsuit in the United States District Court for the Eastern District of Michigan against many of the same defendants as before, as well as against the individual attorneys who were involved in the defense of the prior cases, James Meyerand and Thomas Meyers.[4] Just as before, Plaintiff's lawsuit was based on the allegedly unlawful April 1998 search and seizure. Doc. 11-2 (2004 Complaint). Plaintiff raised claims such as "civil conspiracy to obstruct justice," "civil conspiracy to thwart due process," and "civil conspiracy to interfere and deprive first amendment rights." *Id.* On June 30, 2006, the district court entered judgment in favor of all defendants and against Plaintiff, and dismissed the case. *See* Doc. 11-3 (2006 Memorandum Order and Opinion).

---

[2] *Joseph Raimondo, et al. v The Village of Armada, et al.*, Case No. 01-CV-71353-DT (E.D. Mich. 2001).
[3] *Joseph Raimondo, et al. v The Village of Armada, et al.*, Case No. 02-CV-71696-DT (E.D. Mich. 2002).
[4] *Joseph Raimondo v. Thomas F. Myers, et al.*, Case No. 04-CV-74287-DT (E.D. Mich. 2004).

On November 19, 2013, Plaintiff filed another lawsuit against, among others, the Village of Armada, Macomb County, Ben Delecke, Lt. Lynn Baumgarten, James Meyerand, and Thomas Meyers. *See* Doc. 11-4 (2013 Complaint).[5] Once again, Plaintiff alleged constitutional violations arising out of the April 1998 search and seizure. *Id.* On February 6, 2014, the district court entered an order and judgment dismissing the case on the basis of res judicata. Doc. 11-5 (2014 Order of Dismissal). The Sixth Circuit subsequently affirmed. Doc. 11-6 (2015 Sixth Circuit Order).

Now, Plaintiff has filed this lawsuit based on the same events, against many of the same defendants, and asserting the same or similar claims. The named defendants are United States District Judges Denise Page Hood, Lawrence Paul Zatkoff, George Caram Steeh, and John Corbett O'Meara, the Democratic National Committee, the Internal Revenue Service, Commissioner John Koskinen, U.S. Tax Court Judge Carolyn P. Chiechi, Macomb County, Michigan, Lt. Lynn Baumgarten, James Meyerand, the Village of Armada, Michigan, Ben Delecke, Thomas Meyers, and Capac State Bank. While he does not direct any particular count at any particular Defendant, Plaintiff raises the following eleven claims:

- Count 1: Conspiracy via Obstruction of Justice by Covering-up a Violated Search and Seizure Warrant
- Count 2: Conspiracy via Denying 1st Amendment Rights to Petition For Redress
- Count 3: Conspiracy via Denying 4th Amendment Due Process.
- Count 4: Conspiracy via Denying 5th Amendment Due Process Clause.
- Count 5: Conspiracy via Depriving 14th Amendment Due Process.
- Count 6: Conspiracy via Denying Equal and Fair Treatment of Law.
- Count 7: Conspiracy via Fraud upon the Court.
- Count 8: Conspiracy via engaging in Social Justice Policies
- Count 9: Conspiracy via Taxation without Federal Representation.
- Count 10: Conspiracy via Intentional Infliction of Emotional Distress.
- Count 11: Conspiracy via Engaging in Hate Crimes.

---

[5] *Joseph Raimondo v. Village of Armada, et al.*, Case No. 13-CV-14773 (E.D. Mich. 2013).

After careful consideration, this Court granted the Motions to Dismiss which were filed by the Defendants Village of Armada, Macomb County, Ben Delecke, James Meyerand, Thomas Meyers, and Lt. Lynn Baumgarten's, Doc. 57, the Capac State Bank, Doc. 58, and the Democratic National Committee, Doc. 59. Mr. Raimondo now asks the Court to reconsider those rulings.

## II.     Discussion

A district court has broad discretion to determine whether to grant motions to reconsider. *In re Levaquin Products Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014); *Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). However, a motion to reconsider generally "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988).

First, while Mr. Raimondo asks the Court to reconsider its order dismissing his Complaint against the Democratic National Committee, Doc. 59, he does not explain any basis for reconsidering that ruling. Further, the Court has reviewed that Order of dismissal and is confident there is no basis for reconsidering its ruling.

Second, as for the Court's orders dismissing the claims against the Capac State Bank, Doc. 58, and the claims against the Defendants Village of Armada, Macomb County, Ben Delecke, James Meyerand, Thomas Meyers, and Lt. Lynn Baumgarten's, Doc. 57, Mr. Raimondo argues that res judicata does not apply because there was an ongoing constitutional violation and because fraud was committed against the courts which have previously ruled against him. But both of these arguments were either explicitly argued in opposition to the Defendants' Motions to Dismiss or

could have been made before the Court granted the Motions to Dismiss, Docs. 57 and 58. As stated above, a motion for reconsideration is not a vehicle to reargue a point previously made or to argue a new point that could have been made prior to the Court's ruling. For these reasons alone, Mr. Raimondo's Request for Reconsideration is denied.

Further, Mr. Raimondo's arguments fail on the merits. In support of his claim that there is an ongoing constitutional violation that precludes res judicata, he has failed to allege an ongoing violation. Instead he argues that his *injuries* from a prior constitutional violation are ongoing and therefore res judicata does not apply. In contrast, *Lawlor v. National Screen Services Corp.*, 349 U.S. 322 (1955), on which Mr. Raimondo relies, involved new but similar constitutional violations that allegedly occurred after an earlier court judgment. Because Mr. Raimondo has only alleged ongoing injury from an alleged constitutional violation that occurred two decades ago, res judicata bars Mr. Raimondo's claims addressed in this Court's Orders of Dismissal, Docs. 57 and 58.

Mr. Raimondo also argues that the Court erred when it held that his Rule 60 Motion was not the proper vehicle to remedy a fraud committed against another federal court. Again, his arguments were either made in opposition to the Defendants' Motions to Dismiss, or could have been made before the Court's Orders were entered. For this reason alone, his request is denied.

Further, on the merits, Rule 60(b)(3) authorizes only a motion for relief from a final judgment, not an independent action. 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 2865 (3d ed. 2012) ("Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment."). Mr. Raimondo has not cited any authority that one federal district court can vacate an order of *another* federal district court because of an alleged fraud perpetrated on the sister court. Mr. Raimondo's request for reconsideration on this issue is without merit.

5

Mr. Raimondo makes several other statements in his Motion for Reconsideration that are unrelated to the Court's Orders of Dismissal, Docs. 57, 58, and 59, which are the Orders he seeks to be reconsidered. To the extent he is seeking relief related to another issue, that relief is denied because it has not been sufficiently identified and no persuasive legal authority has been provided to support it.

## III. Conclusion

For the reasons set forth above, the Plaintiff's Motion for Reconsideration, Doc. 67, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 16, 2018
Jefferson City, Missouri